IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DR. PEPI SCHAFLER           *

    v.                          *   CIVIL ACTION NO. PJM-12-715

SCOTT D. FIELD, ESQUIRE, *et al*.   *
                                     ***

## **MEMORANDUM OPINION**

This action was filed as a fee-paid Complaint seeking compensatory and punitive damages and other miscellaneous relief under this Court's Article III and 28 U.S.C. § 1334 bankruptcy jurisdictions by Pepi Schafler (hereinafter referred to as "Schafler"), a resident of North Bethesda, Maryland.  To understand the background of this case, the Court shall provide a chronological factual history of Schafler's previous filings in this district.

On March 26, 1996, Schafler filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland.  Scott D. Field was appointed Trustee.  Field held a required meeting with Schafler to conduct an examination of her holdings.  On July 7, 1996, after the examination was completed, the case was closed and Field was discharged as trustee.  Almost two years later Field was contacted by an associate of Schafler's ex-husband who revealed to Field that Schafler has concealed assets in her prior bankruptcy.  Field moved to re-open Schafler's Chapter 7 proceeding and the Bankruptcy Court reopened the case on May 7, 1998.  Schafler moved to reclose the case.  On June 24, 1996, the United States Trustee appointed Field as the trustee, retroactive to May 7, 1998.  A Special Meeting of Creditors was set by the United States Trustee for July 14, 1998.  On October 6, 1998, the Maryland Bankruptcy Court held a hearing on all outstanding motions, including Schafler's

motion to convert her case to a Chapter 13 proceeding and a motion to dismiss. The Bankruptcy Court granted her motion to convert. The Chapter 13 plan was eventually denied because of Schafler's failure to cooperate with Field and because she appeared to be attempting to shield assets from the administration of the bankruptcy. As a result, the Bankruptcy Court returned the case to a Chapter 7 action. During the proceedings, Schafler relocated to California. The bankruptcy matter was transferred to the United States Bankruptcy Court for the Northern District of California.

Schafler was apparently in great discord with Field's performance as Trustee; so much so that on April 2, 2001, Schafler, then a resident of California, filed a personal injury suit pursuant to 28 U.S.C. § 1332 against Field and the accounting firm in which he was a partner. *See Schafler v. Field, et al.,* Civil Action No. AW-01- 984 (D. Md.). After briefing by the parties, on August 15, 2001, the case was dismissed on Defendants' motion. The judgment was affirmed by the United States Court of Appeals for the Fourth Circuit on February 5, 2002.

On April 15, 2002, Schafler again filed suit against Field and the accounting firm of Reznick, Fedder, & Silverman, once more raising personal injury claims under 28 U.S.C. § 1332. *See Schafler v. Field, et al.,* Civil Action No. AW-02-1308 (D. Md.) The Court dismissed the matter on Defendants' motion on July 25, 2002. The judgment was affirmed by the Fourth Circuit on November 13, 2002. *See Schafler v. Field*, 50 Fed. Appx. 625 (4th Cir. 2002).

On July 7, 2009, Schafler filed suit in the Circuit Court for Montgomery County, Maryland against HSBC Bank USA and M & T Bank Corporation and individuals Scott D. Miller, Phillip Lytle, David J. MacNamara, Michael B. Powers, and James H. French. Defendants removed the matter to this Court, invoking 28 U.S.C. § 1332 diversity jurisdiction. *See Schafler v. HSBC Bank USA, et al.*, Civil Action No. AW-09-1758 (D. Md.). Comparable to the instant action, that

complaint leveled claims of "civil conspiracy, racketeering, fraud, theft, conversion, overt concealment, false representation, bad faith, abuse of process, bullying, lying to the tribunal, serial perjury and forgery, defamation, and libel, overt falsehoods, invasion of privacy by intrusion, intentional infliction of mental distress." The action raised allegations of a "Ponzi" scheme and scam involving the purported theft, conversion and laundering of Schafler's funds arising in 1985 by Defendant bank institutions and individuals in complicity with Schafler's ex-husband. After briefing by the parties, on October 9, 2009, the complaint was dismissed on Defendants' motion. *Id*., ECF Nos. 49 & 50. The Court observed that Schafler's claims arose out of 1985 incidents involving her former husband's improper withdrawal of funds and that as the issue had been extensively litigated before the New York State court, it was barred by *res judicata*. The Court also concluded that the claims were barred by the applicable statute of limitations and that the named defendants were not subject to the personal jurisdiction of the Court as they had no ties to Maryland and the activities at issue in the Complaint did not arise in Maryland. Defendants' request to impose sanctions on Schafler was granted after she was afforded notice and opportunity to respond. The Court enjoined Schafler from filing any action related to the facts or parties in the action without leave of court and ordered her to remit Defendants' reasonable attorneys' fees and other costs. *Id*., ECF No. 55. The Fourth Circuit affirmed the judgment on June 1, 2010. *See Schafler v. HSBC Bank USA,* 381 Fed. Appx. 282 (4th Cir. 2010).

Turning to the current 22-page filing, construed as federal question complaint arising out of alleged racketeering and corruption allegations, the Court has read the document and shall dismiss the case without requiring further action.[1] In essence, Schafler complains about alleged falsehoods,

---

[1] The Court observes that Schafler filed a similar case, styled as a petition for habeas corpus

human trafficking, racketeering, and biased court proceedings related to her Chapter 7 action in Maryland and California. Her statement of facts concerns alleged actions involving her former husband and trustees in her bankruptcy proceedings, including claims involving Field, attorneys Dennis Davis and Richard Spear, private law and accounting firms, and others. She seeks damages and other miscellaneous relief and at one point asks that orders issued in the bankruptcy proceeding be vacated.

To the extent that Schafler's new action seeks to raise any issues involving actions of individuals set out in her prior New York State actions or *Schafler v. HSBC Bank USA, et al.*, Civil Action No. AW-09-1758 (D. Md.), the Court's pre-filing injunction enjoins her from doing so without leave of Court. She may not circumvent the bar. The Court declines to grant her leave to proceed anew on such issues.

In filing this action, Schafler invokes numerous claims, including but not limited to Racketeering Influenced Criminal Organization Act ("RICO" conspiracy), fraud, human trafficking, forgery, and deceit in an attempt to revisit her 1996 bankruptcy proceeding and to charge anew those individuals involved directly and in a secondary manner with her proceeding.[2] This she may not so do. According to the docket in *In Re Pepi Schafler*, Bankruptcy Petition # 96-12203 (Bank. Ct. Md.), the proceeding was transferred to the United States Bankruptcy Court for the Northern District of California on February 26, 1999 and the case was closed on March 11, 1999. Schafler showered the bankruptcy court in this district with various motions and petitions in 2009, but she received

---

relief which was summarily dismissed on February 18, 2011. *See In re Pepi Schafler*, Civil Action No. PJM-10-1893 (D. Md.). The appeal was dismissed by the Fourth Circuit court on November 17, 2011.

[2]  Schafler raises a number of fanciful and salacious claims against Defendants, a number of whom were trustees in her bankruptcy proceeding, primarily based upon their alleged relationship with her ex-husband ("SFH").

4

deficiency notes informing her that the Court no longer retained jurisdiction over the case and that relief must be sought in the U.S. Bankruptcy Court in Northern District of California. Schafler's bankruptcy proceeding in this district was closed and transferred over thirteen years prior to her filing the instant case. This Court would lack jurisdiction to examine any arguable appellate claim regarding bankruptcy issues. Any challenges to that proceeding should be filed in the California bankruptcy court in *In Re Pepi Schafler*, Bankruptcy Petition # 99-42138 (Bank. Ct. N.D. Ca.).[3]

Schafler has paid the full filing fee. Nonetheless, it is well established that a court has broad inherent power *sua sponte* to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith. Therefore, this Court has the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that the action fails to state a claim. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 ($2^d$ Cir. 2000). The Court finds that the instant matter is subject to dismissal.

For the foregoing reasons the Complaint is dismissed *ab initio* for the failure to state a claim A separate Order follows.

/s/ _
PETER J. MESSITTE
March 19, 2012                                           UNITED STATES DISTRICT JUDGE

---

[3] Plainly, this filing represents Schafler's most recent salvo and attempt to relitigate prior RICO claims against individuals and firms involved in her bankruptcy proceedings. No matter how the action is styled, however, Schafler may not refile claims already examined by the Court at this late date.